IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> HANNABERY ELECTRIC, INC., d/b/a HANNABERY HVAC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action Nos. 06-4331 <br> (Hon. Thomas J. Golden) |

## CONSENT DECREE

This Consent Decree is entered into by the Plaintiff, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") and the Defendant, Hannabery Electric, Inc. ("Hannabery") its directors, officers, successors and assigns. The Commission initiated Civil Action No. 06-4331 on September 28, 2006 in the United States District Court for the Eastern District of Pennsylvania to enforce the provisions of The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et. seq ("the ADEA"). In this action, the EEOC alleged that Defendant violated the ADEA by subjecting Michael Morrone and a class of older workers to disparate terms and conditions of employment, up to and including discharge, on the basis of their ages and in retaliation for their complaints of age discrimination or their opposition to acts they believed to be unlawful under the ADEA.

The Commission further contended that as a result of the discrimination, Mr. Morrone and four other individuals lost wages, bonuses and other employment benefits. As a result of settlement discussions, and in order to avoid further litigation costs, the parties to this action do hereby agree to entry of this Consent Decree (hereinafter referred to as the "Decree") which shall

1

resolve fully and finally all claims which were raised by the EEOC in its Complaint filed on behalf of Mr. Morrone, Gary Hall, James O'Brien, Charles Snyder, and Lawrence Dierkes. It is the intent of the parties that this Decree shall be a final and binding settlement between the parties signatory hereto, their officers, directors, successors and assigns, in full disposition of all claims alleged in the Commission's Complaint against Hannabery.

The Parties hereby agree that:

1. This Decree is entered into in compromise of the claims asserted in this civil action and shall, under no circumstances, be construed or deemed to be evidence or admitted as evidence of (i) any wrongdoing, fault, or liability; or (ii) any infirmity in the defenses that Hannabery asserted.

2. The EEOC is the agency of the United States government authorized by Congress to investigate allegations of unlawful employment discrimination, to bring civil actions based upon these allegations of unlawful practices, and to seek relief for individuals affected by such practices.

3. The parties stipulate that, pursuant to the ADEA, the United States District Court for the Eastern District of Pennsylvania has jurisdiction over both the subject matter and the parties in these cases. The parties further stipulate that venue is appropriate in the Eastern District of Pennsylvania.

4. The rights of Defendant and those for whom the Commission seeks relief are protected adequately by this Decree.

5. The entry of this Decree will further the objectives of the ADEA and will be in the best interests of the parties and those for whom the Commission seeks relief.

## NON-DISCRIMINATION

6. Hannabery agrees to comply fully with all of the provisions of the ADEA, and shall be enjoined from engaging in any employment practice which operates to discriminate against employees or to deny equal opportunities to any employee or applicant for employment in violation of the ADEA.

## NON-RETALIATION

7. Hannabery shall be enjoined from engaging in any employment practice which retaliates in any manner against any person because of that person's cooperation with the EEOC with respect to the Commission's administrative investigation of this or any other civil action. Hannabery agrees to comply with the ADEA's prohibition of retaliation because of the filing of a charge, the giving of testimony or assistance, or participation in this matter, or in any investigation, hearing or proceeding under the ADEA. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit Hannabery's obligations under the ADEA or the EEOC's authority to process or litigate any charges of discrimination under the ADEA that may be filed in the future.

## NON-ADMISSION

8. This Decree, being entered with the consent of the Commission and Hannabery, shall not constitute an adjudication or finding on the merits of the case and shall not be construed as an admission of liability by Hannabery.

## DURATION OF THE DECREE

9. The Consent Decree shall be in effect for an initial period of five (5) years from the date it is entered by the Court.

## **MONETARY COMPENSATION**

10. Hannabery agrees to pay to Michael Morrone the sum total of $17,000.00. This sum was agreed upon by the parties in order to resolve this matter without the need for further litigation. Hannabery will report the payment described herein on a Form 1099 to Michael Morrone.

(A) Hannabery shall issue a check, in accordance with the aforementioned provisions, to Michael Morrone within thirty days (30) days of whichever of the following events occurs later: receipt of a signed Release from Mr. Morrone or the filing of this Consent Decree. This check shall be sent, via United States first class mail return receipt requested, to Timothy M. Kolman, Esquire, 225 North Flowers Mill Road, Langhorne, PA 19047. Hannabery shall mail a copy of the check to Cynthia A. Locke, Trial Attorney, EEOC Philadelphia District Office, 801 Market Street, Suite 1300, Philadelphia, Pa. 19107, concurrent with the mailing of the check to the law offices of Attorney Kolman. Hannabery shall also provide any return receipts returned by the United States Postal Service.

(B) In order to receive the monetary relief set forth above, Mr. Morrone will be required to execute a Release through his counsel in a form upon which Mr. Morrone and Defendant mutually agree.

11. Hannabery agrees to pay to Gary Hall the sum total of $50,000.00. This sum was agreed upon by the parties in order to resolve this matter without the need for further litigation. Hannabery will report the payment described herein on a Form 1099 to Gary Hall.

(A) Hannabery shall issue a check, in accordance with the aforementioned provisions to Gary Hall within thirty days (30) days of whichever of the following events occurs later: receipt of a signed Release from Mr. Hall or the filing of this Consent Decree. This check shall be sent,

via United States first class mail return receipt requested, to Timothy M. Kolman, Esquire, 225 North Flowers Mill Road, Langhorne, PA 19047. Hannabery shall mail a copy of the check to Cynthia A. Locke, Trial Attorney, EEOC Philadelphia District Office, 801 Market Street, Suite 1300, Philadelphia, Pa. 19107, concurrent with the mailing of the check to the law offices of Attorney Kolman. Hannabery shall also provide any return receipts returned by the United States Postal Service.

(B) In order to receive the monetary relief set forth above, Gary Hall will be required to execute a Release through his counsel in a form upon which Mr. Hall and Defendant mutually agree.

12. Hannabery agrees to pay to James O'Brien the sum total of $19,000.00. This sum was agreed upon by the parties in order to resolve this matter without the need for further litigation. Hannabery will report the payment described herein on a Form 1099 to James O'Brien.

(A) Hannabery shall issue a check, in accordance with the aforementioned provisions to James O'Brien within thirty days (30) days of whichever of the following events occurs later: receipt of a signed Release from Mr. O'Brien or the filing of this Consent Decree. This check shall be sent, via United States first class mail return receipt requested, to Timothy M. Kolman, Esquire, 225 North Flowers Mill Road, Langhorne, PA 19047. Hannabery shall mail a copy of the check to Cynthia A. Locke, Trial Attorney, EEOC Philadelphia District Office, 801 Market Street, Suite 1300, Philadelphia, Pa. 19107, concurrent with the mailing of the check to the law offices of Attorney Kolman. Hannabery shall also provide any return receipts returned by the United States Postal Service.

(B) In order to receive the monetary relief set forth above, James O'Brien will be required to execute a Release through his counsel in a form upon which Mr. O'Brien and

Defendant mutually agree.

13. Hannabery agrees to pay to Charles Snyder the sum total of $35,000.00. This sum was agreed upon by the parties in order to resolve this matter without the need for further litigation. Hannabery will report the payment described herein on a Form 1099 to Charles Snyder.

(A) Hannabery shall issue a check, in accordance with the aforementioned provisions to Charles A. Snyder, Sr. within thirty days (30) days of whichever of the following events occurs later: receipt of a signed Release from Mr. Snyder or the filing of this Consent Decree. This check shall be sent, via United States first class mail return receipt requested, to Mr. Snyder at 2365 Old Bethlehem Pike, Quakertown, PA 18951. Hannabery shall mail a copy of the check to Cynthia A. Locke, Trial Attorney, EEOC Philadelphia District Office, 801 Market Street, Suite 1300, Philadelphia, Pa. 19107, concurrent with the mailing of the check to Mr. Snyder. Hannabery shall also provide any return receipts returned by the United States Postal Service.

(B) In order to receive the monetary relief set forth above, Charles Snyder will be required to execute a Release through his counsel in a form upon which Mr. Snyder and Defendant mutually agree. In addition, Defendant will pay up to Three Hundred and Fifty Dollars ($350.00) to Mr. Snyder for the services of an attorney in connection with this Release.

14. Hannabery agrees to pay to Lawrence Dierkes the sum total of $35,000.00. This sum was agreed upon by the parties in order to resolve this matter without the need for further litigation. Hannabery will report the payment described herein on a Form 1099 to Mr. Dierkes.

(A) Hannabery shall issue a check, in accordance with the aforementioned provisions, to Lawrence Dierkes within within thirty days (30) days of whichever of the following events occurs later: receipt of a signed Release from Mr. Dierkes or the filing of this Consent Decree.

This check shall be sent, via United States first class mail return receipt requested, to Mr. Dierkes at 739 Topton Road, Kutztown, PA 19530. Hannabery shall mail a copy of the check to Cynthia A. Locke, Trial Attorney, EEOC Philadelphia District Office, 801 Market Street, Suite 1300, Philadelphia, Pa. 19107, concurrent with the mailing of the check to Mr. Dierkes. Hannabery shall also provide any return receipts returned by the United States Postal Service.

(B) In order to receive the monetary relief set forth above, Lawrence Dierkes will be required to execute a Release through his counsel in a form upon which Mr. Dierkes and Defendant mutually agree. In addition, Defendant will pay up to Three Hundred and Fifty Dollars ($350.00) to Mr. Dierkes for the services of an attorney in connection with this Release.

## EQUITABLE RELIEF

15. Hannabery agrees to the following:

### (A) POSTING OF NOTICE

Hannabery agrees that it shall post a copy of the Notice attached as Exhibit A in its Allentown, Pennsylvania facility in areas where employee notices are regularly posted. The Notice shall be posted for five (5) years from the date this Decree is entered by the Court. Should the posted copy of the Notice become defaced, marred or otherwise made unreadable, Hannabery agrees to immediately post a readable copy of the Notice.

### (B) TRAINING

Hannabery agrees that it will conduct training on the rights of employees and applicants under the ADEA and the obligations of employers toward employees and applicants for employment under the ADEA for its supervisory and management employees within ninety (90) days of the entry of this Consent Decree. This training will also include the rights of employees and the responsibilities of employers under the anti-retaliation provision of the ADEA and the

rights of employees to work in an atmosphere that is free from comments indicative of a bias against older workers.

Hannabery will provide EEOC, at least two weeks prior to the training session, with an outline of the topics to be covered and will identify the instructors who will provide the training and their qualifications, if the training is to be conducted by an educator other than EEOC. Within fourteen (14) days after the completion of the training, Hannabery will provide written verification to the Commission that the training was conducted, along with a list of attendees and their job titles, and a statement indicating the duration of the training.

## DISPUTE RESOLUTION AND COMPLIANCE

16. In the event that the EEOC determines that a violation of this Decree has occurred, it will, before exercising any remedy provided by law, provide notice to Hannabery identifying the alleged violations. Hannabery will have thirty (30) days in which to investigate and respond to the allegations, unless the Commission determines there to be exigent circumstances. If these exigent circumstances exist, the Commission may immediately apply to the Court for relief. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The party seeking Court intervention shall be required to give notice to the opposing party ten (10) days before moving for such review. The Court may conduct expedited discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree or defending against a claim of non-compliance. The Court will have all equitable powers, including injunctive relief, to enforce this Decree.

## MISCELLANEOUS

17. If any provision(s) of the Consent Decree is found to be unlawful, only the specific

provision(s) in question shall be affected and the other provisions will remain in full force and effect.

18. The terms of the Decree are and shall be binding upon the present and future directors, officers, successors and assigns of Hannabery.

19. The Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a writing signed by Hannabery and the Commission.

20. When this Decree requires the submission by Hannabery of any documents to the Commission, if not otherwise indicated in the Decree or Attachments, they shall be mailed to Cynthia A. Locke, Senior Trial Attorney, EEOC Philadelphia District Office, 21 S. 5th Street, The Bourse, Suite 400, Philadelphia, Pa. 19106.

21. Failure by the Commission to seek enforcement of this Decree with regard to one provision shall not be construed as a waiver of its rights to do so with regard to the same or other provisions of this Decree.

22. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

23. This Consent Decree shall be filed in the United States District Court for the Eastern District Court of Pennsylvania.

24. The Court retains jurisdiction over this case to enforce the terms of the Decree.

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | HANNABERY ELECTRIC, INC. |
|---|---|
| Ronald S. Cooper<br>General Counsel | *[signature]*<br>David M. Spitko, Esquire<br>124 Drake Lane<br>North Wales, PA 19454<br>(610) 248-1388 |
| James L. Lee<br>Deputy General Counsel | |
| Gwendolyn Young Reams<br>Associate General Counsel<br>Washington, D.C. | DATE  12/19/07 |

*[signature]*
Jacqueline H. McNair
Regional Attorney

*[signature]*
Judith A. O'Boyle
Supervisory Trial Attorney

*[signature]*
Cynthia A. Locke
Senior Trial Attorney
U.S. EEOC, Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2683

12/21/07
DATE

APPROVED AND SO ORDERED:

_____        _____
DATE                                                  HONORABLE THOMAS M. GOLDEN

10

EXHIBIT A

NOTICE

This Notice is posted as part of a settlement reached in the case captioned as EEOC v. Hannabery Electric Company, C.A. No. 06-4331 in the United States District Court, Eastern District of Pennsylvania. EEOC filed this action to enforce provisions of the Age Discrimination in Employment Act of 1967 (the "ADEA").

The ADEA prohibits discrimination against employees and applicants for employment based upon their age (over 40) and also prohibits retaliation against employees or applicants who avail themselves of their rights under the ADEA by engaging in protected activities, such as filing a charge of discrimination or participating in an investigation of a claim of unlawful harassment or any other form of discrimination. THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC) is the federal agency which investigates charges of discrimination and, if necessary, brings lawsuits in the federal district courts to enforce the ADEA.

In the lawsuit referenced above, the EEOC alleged as follows: (1) that Hannabery Electric subjected five older workers, including Michael Morrone, to disparate terms and conditions of employment including discharge and the loss or raises or bonuses, and (2) that Hannabery Electric retaliated against these workers when they complained of age discrimination or opposed statements, actions or orders which they perceived as age discrimination. Hannabery Electric does not admit liability in this case.

To resolve the matter, Hannabery Electric and the EEOC have entered into a Consent Decree to avoid any further proceedings. This Consent Decree provided, among other things, that: (1) Hannabery will train its managers and supervisors regarding the legal rights of employees to be free from age discrimination and retaliation, and the responsibilities of employers in these areas. (2) Hannabery paid monetary relief.

If you believe you have been discriminated against, you may contact the EEOC at (215) 440-2600. The EEOC charges no fees and has employees who speak languages other than English.

**THIS NOTICE MUST NOT BE DEFACED OR REMOVED AND MUST REMAIN POSTED FOR FIVE (5) YEARS FROM THE DATE SET FORTH BELOW.**

_____           _____
EQUAL EMPLOYMENT OPPORTUNITY              HANNABERY ELECTRIC, INC.
COMMISSION

**Date Posted:** _____, **2007**